ORIGINAL
FILED
2010 SEP -3 P 3:00
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE
BY FAX

PARISI & HAVENS LLP
DAVID C. PARISI (162248)
dcparisi@parisihavens.com
SUZANNE HAVENS BECKMAN (188814)
shavens@parisihavens.com
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299 (voice)

PROGRESSIVE LAW GROUP, LLC
ILAN CHOROWSKY (*pro hac vice appl. forthcoming*)
ilan@progressivelaw.com
DAVID GORODESS (*pro hac vice appl. forthcoming*)
david@progressivelaw.com
LINDSEY GOLDBERG (*pro hac vice appl. forthcoming*)
lindsey@progressivelaw.com
505 N. LaSalle St, Suite 350
Chicago, IL 60654
(312) 787-2717 (voice)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

CV10-03978 HRL

| | |
|---|---|
| JENNIFER PURCELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPOKEO, INC.<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 *et seq.*; UNJUST ENRICHMENT; THE UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 ILCS §510/1; AND DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jennifer Purcell ("Plaintiff"), individually and on behalf of all others similarly situated, upon both personal knowledge and information and belief, and following investigation by counsel, alleges the following against Defendant, Spokeo, Inc. ("Spokeo"):

///

## INTRODUCTION

1. This case seeks relief for Plaintiff and a Class of similarly situated consumers whose personal information has been gathered by Spokeo for the purpose of marketing, publishing and/or selling such information to third-parties.

2. Unbeknownst to Plaintiff and other Class members, Spokeo markets, publishes, and/or sells access to Plaintiff and other Class members' personal information through its website, Spokeo.com. Yet, information listed on Spokeo's website about Plaintiff and other Class members is false and incorrect.

3. Plaintiff seeks declaratory and injunctive relief, restitution and damages for herself and other Class members who have had their personal information marketed, published and/or sold to third-parties, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1684 *et seq.* ("FCRA"), the law of unjust enrichment, and Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/1 ("IDTPA").

## JURISDICTION, VENUE AND PARTIES

4. Plaintiff Jennifer Purcell is an individual and a citizen of the State of Illinois, where Plaintiff resides and maintains her personal and business life and career.

5. Spokeo is a citizen of the State of California. The Court has original jurisdiction per 28 U.S.C. § 1331 and 28 U.S.C. §1367.

6. Venue is proper before the Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c) because Spokeo resides in this judicial District and is subject to personal jurisdiction in this judicial District. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions at issue occurred in this judicial District and at relevant times Spokeo maintained its principal place of business in this judicial District.

## INTRADISTRICT ASSIGNMENT

7. Defendant Spokeo had it's principal executive offices and headquarters in this district at 833 N. Shoreline Boulevard, Mountain View, California 94043, in

this district, when many of the events alleged in this action occurred. Intra-district assignment in the San Jose Division of this Court is proper.

## FACTUAL ALLEGATIONS

8. Spokeo collects personal information on United States residents and then markets, publishes and/or sells the information that it gathers to third-parties. Plaintiff and other Class members' personal information is currently viewable on Spokeo's website, Spokeo.com, and contains information that is false and incorrect.

9. On its website, Spokeo has published at least one personal information profile for Plaintiff and each member of the Class. Using Spokeo.com, consumers, employers and virtually anyone can view Spokeo personal information or reports about Plaintiff and the Class, for free, or by choosing for-pay options.

10. Spokeo purportedly collects this personal information about Plaintiff and other Class members from dozens of sources but does not specify the exact source of any information posted on Plaintiff or other Class members' profiles.

11. Spokeo posts personal information on its website under subject headings including but not limited to: "Basic Profile," "Household," "Photos & Profiles," "Wealth," "Lifestyle & Interests," and "Neighborhood."

12. At relevant times, Spokeo has also distributed, via its website, individual profiles containing inaccurate information about Plaintiff and the Class, inclusive of purported economic status, income, and property ownership or the value thereof.

13. While anyone who views Spokeo's website may access some of the personal information for free, Spokeo invites viewers to access more in depth profiles, for a price, which purport to include a person's photos and videos, credit and wealth estimates, religious and political affiliations, date of birth, languages spoken, and home purchase price and date.

14. Spokeo explains that "specific 'information about mortgage, income, and investments'… are offered as part of the business premium product. http://www.spokeo.com/blog/category/spokeo-in-the-news/ (last visited July 16,

2010).

15. Plaintiff and other Class members profiles posted on Spokeo's website are used in large part by third-parties for employment purposes. Spokeo President and co-founder Harrison Tang himself admits that "his site streamlines the process of finding information about prospective employees for potential employers and job recruiters." "FTC To Probe Spokeo Data Broker Over Abuse of Privacy," http://www.networkworld.com/community/blog/ftc-probe-spokeo-data-broker-over-abuse-priva (last visited July 29, 2010). In fact, Spokeo awarded a "special gift" to a Spokeo member who used Spokeo's website "to look up people who are potential employers/employees." *News Flash*, http://www.spokeo.com/blog/category/announcements (last visited July 16, 2010).

16. Spokeo "has also marketed itself as a service for conducting background checks to aid law enforcement agencies or HR recruiters." http://www.networkworld.com/community/blog/ftc-probe-spokeo-data-broker-over-abuse-priva (last visited July 29, 2010).

**Consumers Have Been Harmed**

17. Pursuant to Spokeo's ongoing business practice, it did not inform Plaintiff and other Class members when it marketed, published and/or sold Plaintiff and other Class member's personal information.

18. Plaintiff and many other consumers have had false or misleading information published or provided by Spokeo as profiles or reports purporting to provide their above-described personal information.

19. Spokeo President and co-founder admits that it is possible to reduce the number of inaccuracies on Spokeo.com. He claims "[t]here are ways for us to improve information inaccuracies. If you aggregate more pulled sources, you can do an algorithm to improve the inaccuracies." http://newsblogs.chicagotribune.com/the-problem-solver/2010/05/should-i-be-worried-about-spokeocom.html (last visited July 29, 2010). Yet, Spokeo continues to market, publish and/or sell inaccurate

information about Plaintiff and other Class members through its website.

20. This inaccurate information about Plaintiff and other Class members published on Spokeo.com is accessed widely and often – anywhere between approximately 500 to well over 100,000 times per day. http://www.dnscoop.com/ (last visited July 29, 2010). In a 30-day snapshot this summer alone, Spokeo.com has had approximately 5,402,000 visits. http://www.trafficestimate.com/spokeo.com (last visited July 29, 2010). Approximately 736 other websites have links to Spokeo.com which makes Plaintiff and other Class members' inaccurate profiles easily accessible to scores of viewers. *Id.*

21. For a consumer to request removal of his or her profile from Spokeo.com, Spokeo requires the consumer to furnish his or her email address and/or additional information to Spokeo, and consumers have complained that the removal process was unsuccessful, arduous, and required the transmittal of additional personal information to Spokeo, or resulted in the revision, rather than the removal of one's profile so as to *include* the personal information provided by the consumer to Spokeo solely for purposes of *removing* the profile from Spokeo.com. http://yellowstaressentials.wordpress.com/2010/03/30/privacy-alert-spokeo-com-has-your-information/ (last visited September 2, 2010); http://www.facebook.com/pages/NO-MORE-SPOKEO/113159098694287 (last visited September 2, 2010). For example, after a consumer attempts to remove his or her profile, "Spokeo now knows which 'John Smith' is attached to john.smith@randomemail.com," and Spokeo then attaches this additional information to a revised profile. *Id.*

22. Many consumers, including Plaintiff and the Class, unknowingly had their profiles listed on Spokeo.com and were not given the opportunity to meaningfully consent to Spokeo's marketing, publication and/or sale of their personal information, including inaccurate, misleading and false information.

23. Spokeo's website offers, both for free and for sale, and for the world to

view, a host of false, misleading and inaccurate information about Plaintiff, including, for example: Plaintiff's published Spokeo.com profile seemingly purports that she is fifty years old, has children, is married, is a Republican, is only college educated and is a Protestant; in addition to other inaccuracies, none of these statements are true.

24. Through the actions described above, Spokeo has damaged and is likely to damage consumers, including Plaintiff and other Class members, to an extent to be determined at trial and has caused them actual injury and loss of reputation.

25. Without their knowledge and without receiving notice from Spokeo when their personal information is accessed, Plaintiff and other Class members' personal information has been and continues to be freely subject to lurking potential employers, bosses, business colleagues, dating partners, friends and foes at large.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Class and Subclass of similarly situated individuals:

**CLASS:**

All persons who personal information Spokeo marketed, published or sold on Spokeo.com.

**SUBCLASS:**

All persons in the State of Illinois whose personal information Spokeo marketed, published or sold on Spokeo.com.[1]

Excluded from the Class are the Court, Plaintiff's Counsel, and Spokeo, its officers and directors, family and legal representatives, heirs, successors, or assigns and any entity in which Spokeo has or had a controlling interest.

27. Plaintiff reserves the right to amend or modify the Class definition in

---

[1] Unless otherwise noted, references to the "Class" are to the Class and Subclass defined above.

connection with her motion for class certification and/or the result of discovery.

28. The Class is so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, such information can be easily ascertained through Spokeo's records.

29. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the class.

30. Common questions of law or fact exist as to all members of the Class and predominate over questions affecting only individual Class members, including, for example:

    a. Whether Spokeo was required to abstain from sharing Plaintiff and other Class member's personal information with interested third-parties;

    b. Whether Spokeo was required to notify Plaintiff and other Class members that Spokeo was marketing, distributing, and/or selling their personal information;

    c. Whether Spokeo was required to assure that Plaintiff and other Class member's information that Spokeo marketed, published and/or sold was accurate;

    d. Whether Spokeo's conduct violates the FCRA as set forth below;

    e. Whether Spoke was unjustly enriched as set forth below;

    f. Whether Plaintiff and other Class members are entitled to damages; and

    g. Whether Plaintiff and other Class members are entitled to restitution.

31. Plaintiff's claims are typical of the claims of other Class members. The defenses, if any, that will be asserted against Plaintiff's claims are likely to be typical of the defenses that will be asserted, if any, against other Class member's claims.

32. Spokeo has and will continue to market, publish and/or sell Plaintiff and other Class member's personal information so that final injunctive relief or corresponding declaratory relief for the Class is appropriate.

## CAUSES OF ACTION

33. Plaintiff alleges the following causes of action, to the extent permitted or required by law, on behalf of herself and the other Class members.

## COUNT ONE

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein, and alleges Count One on behalf of herself and the Class.

35. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, was enacted to ensure accuracy and fairness of credit reporting. 15 U.S.C. § 1681(a).

36. The FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family or household purposes; employment purposes; or any other purpose authorized under [15 U.S.C. § 1681b]." 15 U.S.C. § 1681a(d)(1). Defendant assembles credit information including data on "economic health," "wealth level," and "estimated home value" which third-party purchasers use to make employment decisions as described above. Therefore, the credit information Spokeo markets, publishes and/or sells is a "consumer report" as defined by the FRCA.

37. The FCRA defines "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purposes of furnishing

Class Action Complaint

consumer reports to third-parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f). Spokeo assembles consumer reports for third-parties who pay a fee to access said credit information and is therefore a "consumer reporting agency" as defined by the FRCA.

38. Spokeo further is a "nationwide specialty consumer reporting agency" as defined by the FCRA because it "compiles and maintains files on consumers on a nationwide basis relating to... residential or tenant history" under the "household" subject heading on each consumer report. 15 U.S.C. § 1681a(w)(2).

39. The FCRA defines "consumer" as "an individual." 15 U.S.C. § 1681a(c). Plaintiff and other Class members are "consumers" as defined and construed under the FRCA. 15 U.S.C. § 1681a(c).

40. Spokeo, as a consumer reporting agency does not properly "maintain reasonable procedures designed to avoid violations of §1681(c) of this title and to limit the furnishing of consumer reports" of Plaintiff and the Class "to the purposes listed under [15 U.S.C. § 1681b]," as required by the FCRA. 15 U.S.C. § 1681e(a).

41. 15 U.S.C. § 1681b of the FCRA sets forth various permissible purposes for the furnishing of consumer reports, which Spokeo does not comply with. For example, Spokeo did not comply with permissible purposes set forth in § 1681b and is therefore in violation of the FCRA. 15 U.S.C. § 1681e(a). Spokeo also failed to furnish its consumer reports of Plaintiff and the Class "in accordance with the written instructions of the consumer to whom it relates" since it failed to get consumer permission before marketing, publishing and/or selling consumer reports online. 15 U.S.C. § 1681b(a)(2).

42. The FCRA also requires "any person that maintains or otherwise possesses consumer information ... derived from consumer reports for a business purpose to properly dispose of any such information or compilation." 15 U.S.C. § 1681w(a)(1). In connection with this requirement, 16 C.F.R. §§ 682.1 to 682.5

require, in relevant part: "Any person who maintains or otherwise possesses consumer information for a business purpose must properly dispose of such information by taking reasonable measures to protect against unauthorized access to or use of the information in connection with its disposal." "Dispose" is defined to include "the transfer of any medium, including computer equipment, upon which consumer information is stored." Spokeo failed to comply with the disposal rule by not taking reasonable measures to protect against unauthorized access of Plaintiff and other Class members' consumer information, and is therefore in violation of the FCRA. 15 U.S.C § 1681w(a)(1). For example, a Fox news report points out that Spokeo "must be a goldmine for private investigators, stalkers and other unsavory people." Available at http://www.q13fox.com/news/kcpq-03302010-spokeo,0,2538243.story (reported on March 3, 2010).

43. The FCRA further requires consumer reporting agencies to provide notice to any person "to whom a consumer report is provided by the agency [of]... such person's responsibilities under [the FCRA]." 15 U.S.C. § 1681e(d)(1)(B). Spokeo allowed unfettered access to its consumer reports of Plaintiff and the Class and did not provide adequate or required notice to any person who viewed and/or purchased such reports in violation of the FCRA. 15 U.S.C. § 1681e(d)(1)(B). Moreover, Spokeo's website does not require recipients of freely available consumer reports of Plaintiff and the Class to view such a notice; and Spokeo encourages consumer reports to be utilized for purposes prohibited by the FCRA (*e.g.,* ¶¶ 11-16 above).

44. Further, the FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Plaintiff and other Class member consumer reports which Spokeo markets, publishes and/or sells on its website contain false and inaccurate information concerning the individual about whom the report relates to. Spokeo does not follow reasonable

-10-
Class Action Complaint

procedures as required under § 1681e(b) or to prevent the dissemination of such inaccurate consumer reports, despite the ability to reduce these inaccuracies as described above (¶ 19).

45. Further, Spokeo, as a nationwide specialty reporting agency, was required, at a minimum, to provide consumers with a toll-free telephone number to make requests for consumer reports. 15 U.S.C. § 1681(j)(1)(C)(i). Spokeo has failed to provide a toll-free telephone number on its website or elsewhere for Plaintiff and other consumers to make requests for consumer reports.

46. Spokeo is aware of its obligations under the FCRA; Spokeo's website makes cryptic, generalized or buried references to the FCRA. Yet Spokeo brazenly promotes its website as a means to access information for purposes prohibited by the FCRA, and has failed to meet its obligations under the FCRA, as more fully set forth herein and above (*e.g.*, ¶¶ 8-25).

47. By its above described conduct, Spokeo has willfully, knowingly and negligently failed to comply with the FCRA, the direct and proximate result of which was economic and non-economic damages to Plaintiff and other Class members including out-of-pocket loss, fear, anxiety and apprehension of fraud or loss of money.

48. As a result of Spokeo's above described violations of the FCRA, Plaintiff and other Class members were damaged and are entitled any actual, statutory and punitive damages as allowed by the FCRA. As a result of Spokeo's above described violations of the FCRA, Plaintiff and other Class members were damaged and are entitled any actual, statutory and punitive damages, and attorney's fees and costs. 15 U.S.C. §§ 1681n, 1681o.

## COUNT TWO

## RESTITUTION FOR UNJUST ENRICHMENT

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein, and alleges Count Two on behalf of herself and the Class.

50. Spokeo has knowingly received and retained benefits from Plaintiff and other Class members under circumstances that would render it unjust to allow Spokeo to retain such benefits.

51. Spokeo was unjustly enriched at the expense of Plaintiff and other Class members by marketing, publishing and selling profiles of individuals including false, inaccurate and unverified information without obtaining the consent of those individuals.

52. Upon information and belief, the sheer number of profiles created and maintained by Spokeo inures to Spokeo's benefit and allows Spokeo to garner increased capital, value and profit to the detriment of Plaintiff and other Class members.

53. Further, Spokeo profits at the expense of Plaintiff and other Class members from the sale of consumer reports in violation of the FCRA.

54. Spokeo's above-described conduct violates fundamental principles of equity and justice.

55. As a result, Plaintiff and other Class members are entitled to disgorgement and restitution of all Spokeo revenues, profits and monies received from Spokeo's marketing, publication and/or sale of Plaintiff and the Class members' personal information and consumer reports.

## COUNT THREE
## INJUNCTIVE RELIEF
**VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT**

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein, and alleges Count Three on behalf of herself and the Subclass.

57. Spokeo has engaged in and continues to engage in conduct that is deceptive within the meaning of the Illinois Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.* ("IDTPA") by causing a "likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or

services." 815 ILCS § 510/2(2). Spokeo engaged in, and continues to engage in, conduct that is deceptive by marketing, publishing and/or selling false or inaccurate information about Plaintiff and other Subclass members that is likely to be taken as true.

58. Spokeo also engaged in, and continues to engage in, conduct that is deceptive which "similarly creates a likelihood of confusion or misunderstanding" by collecting data about Plaintiff and the Subclass from various third-party sources, and without authenticating those sources or revealing to Plaintiff and other Subclass members, or to who use its website. IDTPA, 815 ILCS § 510/2(12).

59. Spokeo engaged in, and continues to engage in, conduct that is deceptive regardless of whether or not there is "actual confusion or misunderstanding." *Id.*

60. Spokeo engaged in, and continues to engage in, deceptive business practices because it collects, markets, publishes and/or sells inaccurate information about Plaintiff and other Subclass members with "knowledge of its deceptive character." IDTPA, 815 ILCS § 510/5(2). For example, Spokeo knows that information it collects, markets, publishes and/or sells is inaccurate, and it knows how to reduce inaccuracies by using an improved algorithm, yet it chooses to market, publish and/or sell profiles with deceptively false information. http://newsblogs.chicagotribune.com/the-problem-solver/2010/05/should-i-be-worried-about-spokeocom.html (last visited July 29, 2010).

61. Spokeo represents that the profiles about Plaintiff and the Subclass, which Spokeo publishes and sells, is merely a compilation of information from publicly available sources. In reality, the personal information it publishes about them is substantially false, inaccurate, and misleading, and appears to be guesswork.

62. Without being enjoined from continuing its conduct, Spokeo will continue to engage in deceptive business practices regardless of "proof of monetary damage, loss of profits or intent to deceive." 815 ILCS § 510/3. However, the inaccurate profile that Spokeo publishes and distributes about Plaintiff and other

members of the Subclass is likely to damage, mislead, deceive and misinform third-parties, to their detriment, including without limitation to the detriment of Plaintiff's professional career.

63. Plaintiff and the Subclass are entitled to an injunction preventing Spokeo from continuing to market, publish, and/or sell their personal information in the manner set forth above – *i.e.*, laden with false and inaccurate information, without knowledge or consent of Plaintiff and the Subclass, in violation of the FCRA, and without adequate notices or procedures to correct and remove inaccuracies – as well as a declaration of the parties' rights, and notice to Plaintiff and the Class regarding same.

## COUNT FOUR
## DECLARATORY JUDGEMENT AND
## CORRESPONDING INJUNCTIVE RELIEF
## 28 U.S.C. §§ 2201, 2202

64. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein, and alleges Count Four on behalf of herself and the Class.

65. Spokeo's practice of collecting, marketing, publishing and/or selling data including credit information concerning Plaintiff and other Class members constitutes a "consumer report" within the meaning of the FCRA as described above. 15 U.S.C. § 1681a(d)(1).

66. Spokeo's practice of collecting, marketing, publishing and/or selling consumer reports for third-parties who pay a fee to access said credit information deems Spokeo a "consumer reporting agency" as defined by the FCRA as described above. 15 U.S.C. § 1681a(f).

67. Spokeo further is a "nationwide specialty consumer reporting agency" as defined by the FCRA because it "compiles and maintains files on consumers on a nationwide basis relating to... residential or tenant history" under the "household" subject heading of its website. 15 U.S.C. § 1681a(w)(2).

68. The FCRA defines "consumer" as "an individual." 15 U.S.C. § 1681a(c). Plaintiff and other Class members are "consumers" as defined and construed under the FRCA. *Id.*

69. Plaintiff and the Class are entitled to a declaration of the parties' rights and Spokeo's obligations pursuant to the FCRA, including whether Spokeo's conduct violates the FCRA as more fully set forth above.

70. Plaintiff and the Subclass are also entitled to a declaration of the parties rights under the IDTPA, including whether or not Spokeo's above-described conduct is deceptive within the meaning of the IDTPA.

71. Plaintiff and other Class members and Spokeo have adverse legal interests, and there is a substantial controversy between Plaintiff and other Class members, and Spokeo, to warrant the issuance of a declaratory judgment as to whether Spokeo's mass marketing, publication and/or sale of consumer reports about Plaintiff and the Class violates the FCRA and the IDTPA, and the common law of unjust enrichment.

72. As a result of Spokeo's above-described conduct, Plaintiff and the Class are entitled to corresponding injunctive relief, including an order enjoining Spokeo from continuing to collect, market, publish and/or sell their personal information in violation of applicable law, as more fully set forth above and in ¶ 63; and an order establishing a constructive trust, for the benefit of Plaintiff and the Class, consisting of monies received by Spokeo from its wrongful marketing, publication, dissemination and/or sale of their purported personal information.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that this Honorable Court enter judgment in favor of Plaintiff and against Spokeo as follows:

    a.    Find that Spokeo violated, FCRA, the IDTPA, and the common law as described above;

Class Action Complaint

b. Declare the rights of the parties, and enjoin Spokeo's above-described illicit conduct, as set forth above (*see also* ¶¶ 63, 72);

c. Award Plaintiff and other Class members statutory, actual and punitive damages, interest thereon, and all other relief to which Plaintiff and the Class are entitled, as permitted by applicable law;

d. Award equitable monetary relief, including restitution, to Plaintiff and the Class, and require Spokeo to disgorge, for the benefit of Plaintiff and the Class, monies, revenues and profits Spokeo received from its marketing, publication and sale of their profiles and personal information as set forth above;

e. Establish a constructive trust, until further order of the Court, consisting of monies Spokeo improperly collected or received from its above-described illicit conduct;

f. Find that this case may be properly maintained as a class action, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

g. Award reasonable attorney's fees and costs as allowed under the FCRA, the IDTPA and applicable law; and

h. Award such other further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all causes of action and matters so triable.

Respectfully submitted,

JENNIFER PURCELL, individually and on behalf of all others similarly situated

By: _____
One of Plaintiff's Attorneys
David C. Parisi

PARISI & HAVENS LLP
DAVID C. PARISI (162248)
dcparisi@parisihavens.com

SUZANNE HAVENS BECKMAN (188814)
shavens@parisihavens.com
15233 Valleyheart Drive
Sherman Oaks, CA 91403

PROGRESSIVE LAW GROUP, LLC
DAVID GORODESS (*pro hac vice appl. forthcoming*)
david@progressivelaw.com
LINDSEY GOLDBERG (*pro hac vice appl. forthcoming*)
lindsey@progressivelaw.com
505 N. LaSalle St, Suite 350
Chicago, IL 60654
(312) 787-2717 (voice)

Attorneys for Plaintiff