*E-FILED 07-01-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER PURCELL, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br>   v.<br><br>SPOKEO, INC.,<br><br>            Defendant. | No. C10-03978 HRL<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS; AND (2) GRANTING DEFENDANT'S ALTERNATE MOTION TO TRANSFER VENUE**<br><br>[Re: Docket No. 14] |

## BACKGROUND

In this putative class action, plaintiff Jennifer Purcell claims that defendant Spokeo, Inc. (Spokeo) publishes and markets false or inaccurate consumer information on its website, Spokeo.com. She asserts claims for violations of (1) the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681; (2) Unjust Enrichment; and (3) The Illinois Uniform Deceptive Trade Practices Act (IDTPA), 815 ILCS § 510./1. She also seeks declaratory relief.

All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73.

Spokeo moves to dismiss for improper venue. Alternatively, defendant requests that this case be transferred to the District Court for the Central District of California. Plaintiff opposes the motion. The matter was deemed submitted without oral argument. Upon consideration of

1  the moving and responding papers,[1] this court denies defendant's motion to dismiss, and grants
2  defendant's alternate motion to transfer venue.

## DISCUSSION

A. <u>Motion to Dismiss for Improper Venue</u>

For purposes of determining proper venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). For purposes of determining whether venue is proper here, this court treats the Northern District of California as if it were a separate state and determines whether, at the time the action was filed, Spokeo had sufficient contacts to subject it to personal jurisdiction here. <u>Id.</u>

Spokeo acknowledges that, at one point in time, it was headquartered here. Nevertheless, there is no dispute that defendant moved its operations to Pasadena, California nearly one year *before* the instant action was filed. (Tang Decl. ¶¶ 3-6). Purcell contends that her claims concern the processes by which Spokeo developed its technology, some of which reportedly occurred here. This argument fails to convince. The crux of her complaint pertains not to Spokeo's technology development, but rather, *how* Spokeo allegedly uses that technology. Accordingly, this court finds that venue does not properly lie in this district.

Even so, this court declines to dismiss this case on that basis. And, for the reasons stated below, the court will instead transfer this action to the Central District of California.

B. <u>Motion to Transfer Venue</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has discretion to decide motions to transfer venue based upon a case-by-case consideration of convenience and fairness. <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000) (quoting <u>Stewart Org. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)).

---

[1] Defendant's request for judicial notice is granted. FED. R. EVID. 201.

1   Here, there is no dispute that the instant action properly could have been brought in the
2   Central District of California. As discussed above, Spokeo has its headquarters and principal
3   place of business there. (Tang Decl. ¶ 3); 28 U.S.C. § 1391(b)(1), (c).
4   Accordingly, the decision to transfer depends upon the convenience of the parties and
5   witnesses and the interests of justice. In exercising its discretion, the court must consider public
6   factors, which pertain to the interests of justice, and private factors, which concern the
7   convenience of the parties and witnesses. Decker Coal Co. v. Commonwealth Edison Co., 805
8   F.2d 834, 843 (9th Cir. 1986). Among the factors to be considered are: (1) the plaintiff's
9   choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to evidence;
10  (4) familiarity of each forum with the applicable law; (5) the feasibility of consolidation with
11  other claims; (6) local interest in the controversy; and (7) relative court congestion in each
12  forum. Id.; Jones, 211 F.3d at 498-99; Lopez v. Chertoff, No. C06-05000, 2007 WL 2113494
13  (N.D. Cal., July 20, 2007) (White, J.).

14  1.   Plaintiff's Choice of Forum

15  Plaintiff argues that her decision to file suit here must be given great deference.
16  Although plaintiff's choice of forum generally is accorded substantial weight, it "is not the final
17  word." Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). In deciding
18  the weight to be given to plaintiff's choice, "consideration must be given to the extent both of
19  the defendant's business contacts within the chosen forum and of the plaintiff's contacts,
20  including those relating to [her] cause of action." Id. Additionally, "[t]he weight given to the
21  plaintiff's choice of forum diminishes when the plaintiff resides outside the chosen forum."
22  Lopez, 2007 WL 2113494 at *2 (citing Gemini Capital Group, Inc. v. Yap Fishing Corp., 150
23  F.3d 1088, 1091 (9th Cir. 1998)). And, "when an individual brings a derivative suit or
24  represents a class, the named plaintiff's choice of forum is given less weight." Lou v. Belzberg,
25  834 F.2d 730, 739 (9th Cir. 1987); see also Metz v. United States Life Ins. Co., 674 F. Supp.2d
26  1141, 1146 (C.D. Cal. 2009) ("Similarly, the Ninth Circuit 'like other courts, has noted that the
27  weight to be given the plaintiffs choice of forum is discounted where the action is a class
28  action.'") (quoting Saleh v. Titan Corp., 361 F. Supp.2d 1152, 1157 (S.D. Cal. 2005)). Here,

3

plaintiff is an Illinois resident, with no ties to California, pursuing putative class claims against a company headquartered in the Central District of California. Her choice of forum is entitled to very little weight.

### 2. Convenience of the Parties and Witnesses

The record presented indicates that all of defendant's documents, datacenters, and employees are in the Central District of California. (Tang Decl. ¶¶ 3-6, 8). Inasmuch as plaintiff chose to file suit in California, notwithstanding that she lives in Illinois, litigating in the Central District of California would be no less convenient to her than litigating here. Plaintiff posits that potential witnesses might be located here and that many potential class members are also located here. But Spokeo has shown that actual witnesses are in the Central District of California. And, plaintiff's presumption that potential class members reside in this district also holds true for residents in the Central District of California. This factor weighs in favor of transfer.

### 3. Ease of Access to Evidence

Spokeo says that its electronic and hard copy documents are physically located in the Central District of California. Plaintiff contends that, given the technology available today, evidence would be easily available in either district. Some courts have concluded that the location of documentary evidence is entitled to little weight given the technology available today. See, e.g., Boateng v. Gen. Dynamics Corp., 460 F. Supp.2d 270, 276 (D. Mass 2006) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FED. PRACTICE AND PROCEDURE, § 3853) (concluding that the physical location of documents is entitled to little weight where available technology eases the accessibility and reproducibility of information). This court finds that this factor favors transfer, but only slightly.

### 4. Familiarity of Each Forum with the Governing Law

The parties agree that both courts are equally familiar with the applicable law. This factor does not weigh in either side's favor.

4

### 5. Feasibility of Consolidation with Other Claims

Spokeo argues that Purcell's allegations are virtually identical to another putative class action—<u>Robins v. Spokeo, Inc.</u>, Case No. 2:10-cv-5306-ODW-AGR—filed in the Central District of California several months before the instant lawsuit was filed. Plaintiff argues that her claims and those in <u>Robins</u> concern different questions of law and fact. But, it appears to this court that the gravamen of both suits are the same. And, while Purcell asserts a claim under Illinois state law and <u>Robins</u> involves California state law, both suits apparently are premised upon alleged violations of the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681. Moreover, this court has not substantively analyzed Purcell's claims in any depth. This factor weighs in favor of transfer.

### 6. Local Interest in the Controversy

Spokeo contends that the Central District of California has a greater interest in this action because the company's principal place of business is in Pasadena, California. Plaintiff argues that Spokeo's alleged misconduct might nonetheless have affected many Northern California residents. Plaintiff's supposition could be applied equally to residents of the Central District. This factor tips in defendant's favor.

### 7. Relative Court Congestion in Each Forum

Defendant contends that this district is more congested than the Central District of California. If the published statistics cited by defendant are credited, Spokeo's contention would appear to be true. And, plaintiff's simple numeric tallies are insufficient to rebut defendant's showing. This factor weighs in favor of transfer.

### ORDER

Having determined that plaintiff's choice of forum is entitled to little deference here, and that all other factors, on balance, either favor transfer or are neutral, this court in the exercise of its discretion finds that a transfer to the Central District of California is warranted. Accordingly, defendant's motion to dismiss is denied, and its alternate motion to transfer venue

5

is granted.[2]  The Clerk of the Court shall transfer this case to the United States District Court for the Central District of California.

SO ORDERED.

Dated:  July 1, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2]   Defendant's alternate motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket No. 17) is terminated.

5:10-cv-03978-HRL Notice has been electronically mailed to:

Anne Fowler Bradley      abradley@foley.com, LACA-LitigationDocket@foley.com, lsaptoro@foley.com

Azita Moradmand      amoradmand@parisihavens.com

Barrett Lee Schreiner      bschreiner@mayerbrown.com, egriffin@mayerbrown.com

David Christopher Parisi      dcparisi@parisihavens.com

John Nadolenco      jnadolenco@mayerbrown.com, jaustgen@mayerbrown.com, los-docket@mayerbrown.com

Lindsey Erin Goldberg      lindsey@progressivelaw.com

Suzanne L. Havens Beckman      shavens@parisihavens.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.